O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE ROYAL, JR.,<br><br>        Petitioner,<br><br>    v.<br><br>DAVE DAVEY, WARDEN,<br><br>        Respondent. | NO. EDCV 14-1394-SJO (MAN)<br><br>ORDER: DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |

On July 9, 2014, Petitioner, a California prisoner who is represented by counsel, filed a 28 U.S.C. § 2254 habeas petition (Petition"). The Petition pleads a single claim, *to wit*, that "[t]he kidnapping jury instructions, coupled with the omission of a necessary clarifying instruction, rendered Royal's trial fundamentally unfair by hopelessly confusing the jury on the critical issue of intent." (Petition at 12.) Petitioner contends that the jury instructions regarding the multiple charged counts of kidnapping were ambiguous and confusing, because the instructions failed to clarify that the two kidnapping statutes at issue had different intent elements and that "the jury had to find each intent independently and separately from each other." (*Id.* at 1, 14-20.)

With respect to the exhaustion requirement, the Petition alleges that Petitioner "exhausted a claim challenging his jury instructions" in the California Supreme Court, although the claim raised in the state high court was "not the precise claim he presents" in the instant Petition.

(Petition at 4.) Petitioner appended a copy of the California Court of Appeal's January 31, 2013 decision on appeal to the Petition as Exhibit A, but he failed to provide a copy of his petition for review filed in California Supreme Court Case No. S209110.

On July 11, 2014, United States Magistrate Judge Margaret A. Nagle issued an Order To Show Cause Re: Exhaustion ("OSC"). She noted Petitioner's allegations regarding the exhaustion of his claim and indicated that, having reviewed the California Court of Appeal's decision, it seemed unlikely that the claim alleged in the Petition is, in fact, exhausted. Judge Nagle directed Petitioner to file a response to the OSC, to provide his petition for review as an exhibit to that response, and to identify "the specific language in the petition for review that allegedly alerted, or should have altered, the California Supreme Court to the claim presented in the instant Petition and fairly presented such a claim." (OSC at 2.) On July 23, 2014, Petitioned filed a timely Response to the OSC, which appended a copy of his petition for review in Case No. S209110 (the "PR").

The Court has considered the Petition and the PR carefully. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 summary dismissal is required here, because it plainly appears that the Petition is unexhausted.[1]

## DISCUSSION

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented.

---

[1] The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).

28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also* Baldwin v. Reese, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See* Duncan v. Henry, 115 S. Ct. 887, 888 (1995) (*per curiam*); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court. *See* Baldwin, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

Fair presentation requires the petitioner to include in his state filing "a reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 116 S. Ct. 2074, 2081 (1996). Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 103 S. Ct. 276, 277 (1982) (*per curiam*). General appeals to broad constitutional principles, such as due protection or the right to a fair trial, are insufficient to constitute fair presentation. *Id.; see also* Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999). "[M]ere similarity of claims is insufficient to

exhaust." Duncan, 115 S. Ct. at 888.[2]

In his PR, Petitioner raised two issues. First, he asked the California Supreme Court to determine "[w]hether, as a matter of law and to secure uniformity of decision, multiple kidnap convictions based on a single abduction are proper or whether the additional convictions are superfluous and must be reversed?" (Response, Ex. A at 2.) This issue plainly has no bearing on the instructional error claim alleged in the instant Petition. Second, Petitioner asked the state high court to decide "[w]here multiple kidnap charges are alleged based on a single abduction, does a trial court have a sua sponte obligation to instruct the jury to evaluate all the evidence, determine the purpose of the kidnap and return only a single verdict commensurate with that purpose?" (Id.) In support of this second issue, Petitioner argued that "the trial court had a sua sponte obligation to instruct the jury that the law permitted only one kidnap verdict" and "was constitutionally required to instruct the jury that it could only return one kidnap verdict based on a single abduction." (Id. at 10-11.) Petition argued that: California law -- namely, the decision of People v. Thomas, 26 Cal. App. 4th 1328 (1994) -- treats kidnapping as a continuous offense that cannot be fragmented into multiple, separate kidnapping convictions (id. at 5-8); and thus, the "one-kidnap rule established in *Thomas*" obligated the trial court to *sua sponte* instruct the jury that only one kidnap verdict was permitted to "insure that the verdicts comported with due process under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution" (id, at 10).

In his Response, Petitioner contends that the above-quoted reference to due process and the Fifth, Sixth, and Fourteenth Amendments fairly presented the claim alleged in the instant Petition. He again concedes that the instructional error claim raised in the PR "was not the precise claim he brings in this" action. However, he contends that, because he complained to the

---

[2] Although the Ninth Circuit has held that *pro se* petitions are held to a more lenient standard for exhaustion purposes than petitions filed by attorneys, this rule does not apply when, as here, the petition was filed by appellate counsel. *See* Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003); Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (*en banc*).

California Supreme Court about a "required-but-omitted" jury instruction related to the kidnapping charges and how the jurors should have deliberated on such charges, his state high court arguments were "similar" to those made in the Petition. (Response at 2-3.)

Petitioner's arguments are not persuasive. Here, Petitioner contends that the instructions provided to the jury were ambiguous and confused the jurors regarding the different specific intent elements applicable to the two kidnapping statutes under which Petitioner was charged and convicted. Petitioner argues that the record shows the jurors were confused about the different mens rea elements, and thus, an instruction clarifying the varying specific intent elements should have been given. He further contends that the instructions given, coupled with the failure to give a clarifying instruction regarding specific intent, violated due process and his right to a fair trial, because it is reasonably likely "that the jury misapplied the instructions in a way that relieved the prosecution of its burden of proof." (*See* Petition at 12, 14-20.)

Petitioner's present instructional error claim -- which is premised on the failure to give an additional instruction devoted to the specific intent elements applicable to each of the kidnapping counts -- is substantially different from the instructional error claim proffered to the California Supreme Court through the PR. The claim made in the PR was premised on the theory that, under California law, the jury was precluded from finding Petitioner guilty of both kidnapping counts, and it should have been instructed that it could return only a single verdict should it find Petitioner guilty of kidnapping. The two claims are not, as Petitioner argues, "similar," but even if they were, as the Supreme Court has made clear, mere "similarity of claims" does not constitute fair presentation. Duncan, 115 S. Ct. at 888.

The distinct natures of the instructional error claim made in the PR and the instructional error claim alleged here precludes a finding that Petitioner fairly presented his instant claim to the state high court. *See* Wood v. Ryan, 693 F.3d 1104, 1117 (9th Cir. 2012) (although the petitioner raised and exhausted numerous prosecutorial misconduct claims in the state courts based upon

5

certain evidence elicited and questioning conducted by the prosecutor, the four additional alleged instances of prosecutorial misconduct he raised in federal court, also based upon the prosecutor's elicitation of evidence and the prosecutor's argument, were held to be unexhausted, because these four specific instances of alleged prosecutorial misconduct had not been raised in the state courts); Kelly v. Small, 315 F.3d 1063, 1068 & n.2 (9th Cir. 2003) (the petitioner's exhaustion of a claim that his trial counsel provided ineffective assistance by failing to object to the prosecutor's misconduct, conflict of interest, and personal animus did not constitute exhaustion of a claim that trial counsel provided ineffective assistance by failing to file a motion to recuse the prosecutor based upon such misconduct, conflict of interest, and personal animus, because although the grounds underlying these two claims "are nearly identical, they remain separate constitutional claims"). Here as well, Petitioner's instructional error claim alleged in the Petition is a "separate constitutional claim" from the different instructional error issue raised in the PR. Thus, Petitioner has not exhausted his present claim, because it was not presented to, or considered by, the California Supreme Court.

Accordingly, the instant Petition is unexhausted, because Petitioner did not fairly present his claim to the California Supreme Court before he sought federal habeas relief. Because the Petition is fully unexhausted, it must be dismissed without prejudice. Rose, 102 S. Ct. at 1205.[3]

For the foregoing reasons, it is plain from the face of the Petition that summary dismissal of the Petition is required, because it is unexhausted. Accordingly, IT IS ORDERED that: the

---

[3] Under prevailing law, a fully unexhausted federal habeas petition may not be stayed and must be dismissed. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).

1  Petition is dismissed, without prejudice, for failure to exhaust available state remedies; and
2  Judgment shall be entered dismissing this action without prejudice.

4       In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the
5  United States District Courts, the Court has considered whether a certificate of appealability is
6  warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604
7  (2000).  The Court concludes that a certificate of appealability is unwarranted and, thus, a
8  certificate of appealability is DENIED.

10  DATED: <u>July 30, 2014</u>.

              */s/ S. James Otero*
              _____
              S. JAMES OTERO
              UNITED STATES DISTRICT JUDGE

15  PRESENTED BY:

    */s/ Margaret A. Nagle*
    _____
    MARGARET A. NAGLE
18  UNITED STATES MAGISTRATE JUDGE